# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| GLENN LEWIS, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV619-007 |
| RN WINGFIELD, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

After screening pursuant to 28 U.S.C. § 1915A, the Court ordered plaintiff Glenn Lewis to amend his Complaint to name the medical providers who allegedly deprived him of his hypertension medication for six days while held in segregation. Doc. 6; *see generally* doc. 1. Lewis has done so, explaining that RN Wingfield, Nurse Williams, Nurse John Doe, Nurse Jane Doe, and Dr. Kevin Marbler, who directly reviews all charts and has final medical authority over the nursing staff while inmates are in segregation, are responsible for his weeklong hold without his necessary hypertension medication. Doc. 9.

Because his denial of adequate medical care claim survives frivolity review, doc. 6, and Lewis has named the individuals who intentionally disregarded his serious medical needs to his detriment, doc. 9, his

Complaint is authorized for service on these defendants. The Clerk is **DIRECTED** to forward a copy of this Order along with plaintiff's Complaint and Response (docs. 1 & 9) to the Marshal for service upon RN Wingfield, Nurse Williams, Nurse John Doe, Nurse Jane Doe,[1] and Dr. Kevin Marbler. The Clerk is further **DIRECTED** to update the docket accordingly.

**SO ORDERED,** this __19th__ day of April, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]  As noted in the Court's prior Order, fictitious party pleading generally is not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). There is a difference, however, between a claim against fictitious parties and a claim against real parties sued under a fictitious name. *See Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992). A claim against an unnamed defendant (or "John Doe" or "Jane Doe") may therefore proceed when the plaintiff's description of the defendant is sufficiently specific that they may be identified for service even though an actual name is unknown. *See id.* In such cases, the allegations in the complaint must make it clear that the plaintiff can uncover the defendant's name through discovery. *See id.*; *see also Bowens v. Superintendent of Miami South Beach Police Dep't*, 557 F. App'x 857, 862 (11th Cir. 2014) (per curiam) ("[A] claim may be maintained against unnamed defendants where allegations in the complaint make clear the plaintiff could uncover the names through discovery.").

Lewis does not know Nurse Jane and John Does' names, but specifies that they are discoverable as nurses working during his segregation from September 13 - 16, 2018. Doc. 9 at 2. That is enough at this stage.