IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| GLENN LEWIS, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-7 |
| v. | |
| WARDEN ROBERT ADAMS, JR., et al., | |
| Defendants. | |

**O R D E R**

On March 12, 2020, the United States Magistrate Judge issued a Report and Recommendation recommending that Defendants' Motion for Summary Judgment be granted and that Plaintiff's Motion for Temporary Restraining Order and Motion to Amend the Complaint be denied. (Doc. 50.) Plaintiff did not file any objections to the Report and Recommendation, and the Court adopted it on April 24, 2020. (Doc. 51.) Plaintiff now "avers that he never received a copy of the Magistrate Judge's March 12, 2020 Report and Recommendation" and moves the Court to vacate its Adoption Order. (Doc. 53, pp. 1–2.)

Under Federal Rule of Civil Procedure 60(b), a court may grant relief from a final judgment in a narrow set of circumstance including for some type of "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Plaintiff alleges that he never received a copy of the Magistrate Judge's Report and Recommendation and thus had no notice that he needed to file any objections to it. (Doc. 53, pp. 1–2.) When a magistrate judge issues a report and recommendation, all parties to the action must be mailed a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(1). Once a document is mailed, a presumption exists

that it was received by the party, and a bare assertion that is was not cannot alone overcome this presumption.  See Konst v. Fla. E. Coast Ry. Co., 71 F.3d 850, 851 (11th Cir. 1996); Wall v. Wall, 392 F. App'x 778, 779 (11th Cir. 2010) (per curiam) (citing Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1239 (11th Cir. 2002)).

Here, along with his Motion, Plaintiff submits a copy of his inmate mail history from Jenkins Correctional Facility which shows that he did not receive anything from the Court between the time that the Magistrate Judge issued the Report and Recommendation and the time the Court adopted it.  (Doc. 53, pp. 4–5.)  A mail log can be used to rebut the presumption that a party received a document.  See, e.g., Maddox v. Hoch, 244 F. App'x 878, 880 (10th Cir. 2007) (mail log from plaintiff's correctional sufficiently established that he had no notice of the magistrate judge's report and recommendation).  Thus, Plaintiff has shown that through no fault of his own he did not receive a copy of the Magistrate Judge's Report and Recommendation and consequently had no notice that he needed to respond to it.  Relief from the Court's judgment is appropriate upon these grounds.[1]  See, e.g., Lawson v. Speight, No. CV 117-118, 2018 WL 1463360, at *1 (S.D. Ga. Mar. 23, 2018) (vacating judgment after plaintiff established that he did not receive a copy of the report and recommendation).

For the above reasons, the Court **GRANTS** Plaintiff's Motion, (doc. 53), and **VACATES** its previous Adoption Order, (doc. 51), and Judgement, (doc. 52).  The Court **DIRECTS** the Clerk of Court to **REOPEN** this case and further **DIRECTS** the Clerk, when serving a copy of this Order on Plaintiff, to include a copy of the Magistrate Judge's Report and Recommendation, (doc. 50),

---

[1] Included with Plaintiff's Motion was a cover letter addressed to the Clerk of Court, requesting a copy of the docket sheet for this case.  (Doc. 53-1.)  The Court interprets this correspondence as a motion for a copy of the docket sheet, which the Court **GRANTS**.

2

as well as a copy of the docket sheet for this case.  Plaintiff has **twenty-one (21) days** from the date of this Order to file any objections to the Magistrate Judge's Report and Recommendation.

**SO ORDERED**, this 21st day of May, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA